UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CESAR BAUTISTA-BAUTISTA, | Case No. 2:26-cv-01332-TMC |
| Petitioner, | ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS |
| v. | |
| BRUCE SCOTT, et al., | |
| Respondents. | |

## I.   INTRODUCTION AND BACKGROUND

Petitioner is a 35-year-old citizen of Mexico who entered the United States without inspection approximately 18 years ago. Dkt. 1 at 3. On or about April 3, 2026, Petitioner was arrested in Mattawa, Washington, and taken into custody by Immigration and Customs Enforcement ("ICE") agents. *Id.*  Since that date, Petitioner has been detained at the Northwest Immigration and Customs Enforcement Processing Center in Tacoma, Washington. *Id*. ICE has initiated removal proceedings against Petitioner. *Id*. at 4. Petitioner has one traffic-related conviction from 2014 but otherwise no known criminal history. *Id*. He has not yet had a bond hearing before an Immigration Judge ("IJ"). *Id*.

On April 19, 2026, Petitioner filed this petition for writ of habeas corpus, arguing primarily that his mandatory detention violates the Immigration and Nationality Act ("INA")

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 1

because he is entitled to consideration for release on bond under 8 U.S.C. § 1226(a). Dkt. 1 at 4–5. On May 4, Federal Respondents filed a return to the habeas petition. Dkt. 4. On May 11, Petitioner filed a traverse. Dkt. 5. The habeas petition is now ready for the Court's review. For the reasons set forth below, the Court GRANTS the petition for writ of habeas corpus.

## II.    LEGAL STANDARD

"Writs of habeas corpus may be granted by . . . the district courts . . . within their respective jurisdictions." 28 U.S.C. § 2241(a). Habeas petitioners must prove by the preponderance of the evidence that they are "in custody in violation of the Constitution or laws or treaties of the United States." *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004); 28 U.S.C. § 2241(c).

## III.    DISCUSSION

On September 30, 2025, this Court granted summary judgment to members of a certified Bond Denial Class, defined to include the following individuals:

> All noncitizens without lawful status detained at the Northwest ICE Processing Center who (1) have entered or will enter the United States without inspection, (2) are not apprehended upon arrival, (3) are not or will not be subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the noncitizen is scheduled for or requests a bond hearing.

*Rodriguez Vazquez v. Bostock*, 802 F. Supp. 3d 1297, 1336 (W.D. Wash. 2025). The Court issued the following declaratory relief:

> The Court declares that Bond Denial Class members are detained under 8 U.S.C. § 1226(a) and are not subject to mandatory detention under 8 U.S.C. § 1225(b)(2). The Court further declares that the Tacoma Immigration Court's practice of denying bond to Bond Denial Class members on the basis of § 1225(b)(2) violates the Immigration and Nationality Act.

*Id.*

Petitioner argues that his mandatory detention under § 1225(b)(2) is unlawful because he is a member of the Bond Denial Class. Dkt. 1 at 4–5. While Federal Respondents express their

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 2

continued disagreement with the Court's order in *Rodriguez Vazquez*, they do not dispute that Petitioner is a member of the Bond Denial Class for purposes of this matter. Dkt. 4 at 3.

The Court incorporates the reasoning of *Rodriguez Vazquez* and finds that Petitioner is subject to discretionary detention under § 1226(a). *See Rodriguez Vazquez*, 802 F. Supp. 3d at 1322–36. Petitioner has thus shown that his mandatory detention under § 1225(b) violates the INA, entitling him to habeas relief. *See* 28 U.S.C. § 2241(c)(3).

To the extent that Petitioner raises alternative arguments regarding his detention based on alleged constitutional violations, *see* Dkt. 1 at 7–8; Dkt. 5 at 4–9, under the doctrine of constitutional avoidance, the Court need not reach these claims. *See Green v. Miss United States of America, LLC*, 52 F.4th 773, 795 (9th Cir. 2022) (under the "long tradition of constitutional avoidance," courts typically "should resolve a case, when possible, on statutory grounds before reaching any constitutional question"). The Court's construction of the INA adopted in *Rodriguez Vazquez* entitles Petitioner to the same relief he would receive if the Court found his mandatory detention violated procedural due process—an individualized bond hearing before an IJ. *See, e.g., Banda v. McAleenan*, 385 F. Supp. 3d 1099, 1120 (W.D. Wash. 2019) (holding that due process requires a bond hearing once mandatory detention becomes unreasonably prolonged).

Petitioner also argues that requiring him "to seek relief before an Immigration Judge would not provide meaningful review" because the IJs "are arbitrarily making individualized findings of 'flight risk' across the board without genuine independent review." Dkt. 1 at 9–10. But Petitioner cites no authority or evidence in support of this sweeping conclusory argument. If the IJ abuses their discretion when applying the law to Petitioner's request for bond, Petitioner may seek relief from that violation in a subsequent habeas petition. *See Martinez v. Clark*, 124

F.4th 775, 783–84 (9th Cir. 2024) (determination whether noncitizen presents a danger to the community or risk of flight is reviewable in habeas as a mixed question of fact and law).

Finally, Petitioner urges this Court to follow the decisions in *Torres Ferrera v. Scott*, No. 2:26-cv-00583-TL, 2026 WL 776145 (W.D. Wash. Mar. 19, 2026) and *Noe Vela Blanco v. Warden*, No. SA-26-CV-00747-XR (W.D. Tex. Apr. 1, 2026), which found constitutional violations that warranted release instead of simply a bond hearing. Dkt. 6 at 5 –8. But Petitioner's reliance on both cases is misplaced.  First, the Petitioner in *Torres Ferrera* had previously been released from immigration custody on an order of supervision (OSUP). 2026 WL 776145 at *1–2. Her habeas petition, like many others in this district, challenged her *re-detention* and the revocation of her OSUP without notice and an opportunity to be heard. *See id.* at *4 ("[C]ourts in this district . . . have consistently found that a noncitizen who has been released and has lived with relative freedom in the United States for a number of years has a protected interest in not being detained and is owed some process by which to contest their re-detention."). In contrast, Petitioner Bautista-Bautista challenges his initial detention without an opportunity for a bond hearing. *See* Dkt. 1. The constitutional basis for release in *Torres Ferrera* does not apply to him.

Second, the court in *Noe Vela Blanco* recognized that the "majority position" among district courts in cases challenging mandatory initial detention has been to "require a bond hearing before an immigration judge." No. SA-26-CV-00747-XR, Slip Op. at 25 (W.D. Tex. Apr. 1, 2026). This Court has consistently followed that majority position in enforcing the *Rodriguez Vazquez* decision. "In modern habeas practice, courts often 'employ a conditional order of release,' which orders the government to release the petitioner unless it 'takes some remedial action' that corrects" the government's violation of the law. *Cardozo v. Bostock*, No. 2:25-CV-00871-TMC, 2025 WL 2592275, at *2 (W.D. Wash. Sept. 8, 2025) (quoting *Harvest v.*

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 4

*Castro*, 531 F.3d 737, 741–42 (9th Cir. 2008)). A conditional writ is the "typical relief granted" in a federal habeas case. *Doe v. Garland*, 109 F.4th 1188, 1193 (9th Cir. 2024) (quoting *Herrera v. Collins*, 506 U.S. 390, 403 (1993)). After issuing a conditional writ, a district court retains jurisdiction to ensure compliance with the writ and may order unconditional release if the government fails to comply with the initial habeas order. *Rose v. Guyer*, 961 F.3d 1238, 1246 (9th Cir. 2020).

Here, Petitioner's entitlement to habeas relief is based on Respondents' application of the incorrect statutory framework to his detention. Section 1226(a) requires only consideration of release on bond, and a bond hearing is therefore sufficient to correct Respondents' ongoing violation of the INA as to this Petitioner. *See* 8 U.S.C. § 1226(a). If Respondents fail to comply with this order, Petitioner may seek further relief at that time.

## IV.    CONCLUSION

For the reasons explained above, the Court ORDERS as follows:

1. The petition for writ of habeas corpus (Dkt. 1) is GRANTED.

2. Within fourteen days of receiving Petitioner Cesar Bautista-Bautista's request for a bond hearing, Respondents must either release him or provide him a bond hearing under 8 U.S.C. § 1226(a).

3. If Petitioner is released, Respondents must return any personal property, including any personal identification document (other than a passport) and any employment authorization document.

4. Nothing in this order prevents an Immigration Judge from granting a request by Petitioner for a continuance in his bond proceedings.

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 5

Any fee petition should be filed within the deadlines set by the Equal Access to Justice Act, 28 U.S.C. § 2412.

Dated this 19th day of May, 2026.

Tiffany M. Cartwright
United States District Judge

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 6